IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HALEY MYERS, | ) | |
| | ) | No. 08 C 807 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER UJDA # 4980, OFFICER R.C. | ) | |
| ZIELINSKI # 12307, OFFICER K.R. | ) | Judge Gottschall |
| MCQUARTER #17198, SERGEANT | ) | |
| G. OWEN JR., and the CITY OF CHICAGO, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant Chicago Police Officers George Owen Jr., Kimberly McQuarter, Robert Zielinski, Peter Ujda by one of their attorneys, Mary McCahill, Assistant Corporation Counsel for the City of Chicago, and Defendant City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, submit the following answer to plaintiff's complaint, affirmative defenses and jury demand:

**JURISDICTION**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:**      Defendants admit this court has jurisdiction, but deny engaging in any wrongful or illegal conduct.

**PARTIES**

2.      PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:**      Defendants are without information or knowledge sufficient to form a belief

as to the truth of the allegations contained in this paragraph.

    3.    The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

    **ANSWER:**    Defendants admit the allegations contained in this paragraph.

    4.    The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or I employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

    **ANSWER:**    Defendants admit that the City of Chicago is a duly incorporated municipal corporation and is Defendant Officers' employer and principal. Defendants deny that any other officers and/or employees are referred to in this complaint. Defendants further admit that at all times material to this complaint, Defendant Officers were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the City of Chicago.

## FACTS

    5.    On or about February 22, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

    **ANSWER:**    Defendants deny the allegations contained in this paragraph.

    6.    On or about February 22, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

    **ANSWER:**    Defendants deny the allegations contained in this paragraph.

    7.    The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

    **ANSWER:**    Defendants deny the allegations contained in this paragraph.

    8.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

9.     On or about February 22, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police' officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This 'action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:**     Defendants deny that the Defendant Officers engaged in the conduct complained of, but admit the remaining allegations contained in this paragraph.

10.     Upon information and belief, OFFICER UJDA # 4980, on February 22, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**     Defendants admit the allegations contained in this paragraph.

11.     Upon information and belief, OFFICER R..C. ZIELINSKI # 12307, on February 22, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**     Defendants admit the allegations contained in this paragraph.

12.     Upon information and belief, OFFICER K.R. MCQUARTER #17198, on February 22, 2007, was present during the use of force upon the PLAINTIFF.

**ANSWER:**     Defendants admit Officer McQuarter was present on February 22, 2007 when Officers Ujda and Zielinski utilized an emergency takedown to place Plaintiff in custody.

13.     Upon information and belief, SERGEANT G. OWEN JR., on February 22, 2007, was present during the use of force upon the PLAINTIFF.

**ANSWER:**     Defendants admit Sergeant Owen Jr. was just pulling up to the scene when on February 22, 2007 when Officers Ujda and Zielinski utilized an emergency takedown to place Plaintiff in custody.

**COUNT I**
**§1983 Excessive Force**

14.     PLAINTIFF re-alleges paragraphs 1-13 as though fully set forth herein.

3

**ANSWER:**    Defendants restate their answers to paragraphs 1-13 as though fully set forth herein.

15.    The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

16.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

WHEREFORE Defendants request judgment in their favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT II
### Battery-State Claim

17.    PLAINTIFF re-alleges paragraphs 1-13 as though fully set forth herein.

**ANSWER:**    Defendant restate their answers to paragraphs 1-13 as though fully set fort herein.

18.    The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

19.    The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

20.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

WHEREFORE Defendants request judgment in their favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT III
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

21. PLAINTIFF re-alleges paragraphs 1-13 as though fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1-13 as though fully set forth herein.

22. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:** Defendants deny the allegations above but admit the remaining allegations contained in this paragraph.

23. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:** Defendant deny that Defendant Officers committed the acts alleged above, but admit that at all times relevant to the complaint Defendant Officers were acting under color of law and in the scope of employment of the City of Chicago.

WHEREFORE Defendants request judgment in their favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT IV
### Supplementary Claim for Respondeat Superior

24. PLAINTIFF re-alleges paragraphs 1-13 as though fully set forth herein.

**ANSWER:** Defendant Officers restate their answers to paragraphs 1-13 as though fully

set forth herein.

25.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of respondeat superior.

**ANSWER:**     Defendants deny that Defendant Officers committed the aforesaid acts, but admit that at all times relevant to the complaint Defendant Officers were acting in the scope of their employment. Defendants admit that pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is empowered and directed to pay any tort judgment or settlement for compensatory damages and may pay any associated attorney's fees and costs for which it or an employee while acting within the scope of his employment is liable.

## AFFIRMATIVE DEFENSES

1.     At all times material to the events alleged in Plaintiff's Complaint, reasonable police officers objectively viewing the facts and circumstances that confronted them could have believed their actions to be lawful, in light of clearly established law and the information that they possessed. Defendant Officers, therefore, are entitled to qualified immunity on Plaintiff's Federal law claims.

2.     Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. See 745 ILCS 10/2-201 (1998).

3.     Defendant Officers are not liable for injuries claimed in the state law count because, as public employees, they are not liable for acts or omissions in execution or enforcement of the law, unless their conduct constitutes wilful and wanton conduct. See 745 ILCS 10/2-202 (1998). Defendant Officers were engaged in the execution and enforcement of the law and did not engage in any wilful and wanton conduct.

4.     Defendants are not liable for injuries claimed under the state law count because they are not liable for injuries caused by the acts or omission of other persons. See 745 ILCS 10/2-204 (1998).

5.     Any award of damages against Defendant Officers shall be reduced in proportion to the comparative fault of the Plaintiff's own intentional or wilful and wanton conduct which proximately caused the claimed injuries and damages.

6.     Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109.

7.     As to Plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigations are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979).

8.     Under Illinois law, the defendants are not liable to plaintiff because Defendant Officers' use of force in seizing plaintiff was justified under 720 ILCS 5/7-5 (2002).

9.     To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

10.    To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of

the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

### JURY DEMAND

    Respectfully submitted,

    /s/ Mary McCahill
    MARY McCAHILL
    Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-6404
(312) 744-6566 (Fax)
Atty. No. 06277989

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HALEY MYERS, | ) | |
| | ) | No. 08 C 807 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER UJDA # 4980, OFFICER R.C. | ) | |
| ZIELINSKI # 12307, OFFICER K.R. | ) | Judge Gottschall |
| MCQUARTER #17198, SERGEANT | ) | |
| G. OWEN JR., and the CITY OF CHICAGO, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

To:   Blake Horwitz
      The Law Offices of Blake Horwitz
      155 N. Michigan Ave. Ste. 723
      Chicago, IL 60601

**PLEASE TAKE NOTICE** that I have this day filed with the Clerk of the United States district Court for the Northern District of Illinois, Eastern Division, an **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**.

**DATED** at Chicago, Illinois March 28, 2008

                                       Respectfully submitted,

                                       /s/ Mary McCahill
                                       MARY MCCAHILL, Assistant Corporation Counsel

30 N. LA SALLE ST., SUITE 1400
CHICAGO, ILLINOIS  60602
(312) 742-6404
ATTORNEY NO. 06277989

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have caused true and correct copies of the above and foregoing **NOTICE OF FILING and DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND** to be delivered electronically via e-filing on March 28, 2008.

/s/ Mary McCahill
MARY MCCAHILL